# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 8547 | DATE | 7/31/2012 |
| CASE TITLE | David Castellanos vs. Northwestern Memorial Healthcare, et al. | | |

## DOCKET ENTRY TEXT

Defendant Northwestern Memorial Hospital and Intervenor Robert Doody's Motion for Entry of Default and Default Judgment [57] is granted. Intervenor Robert Doody's Motion to Strike the Answer to Doody's Complaint [68] is denied as moot. Plaintiff David Castellanos's Motion to Withdraw His Answer to Robert Doody's Intervenor Complaint and Leave to Refile Without Prejudice [76] is denied as moot.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court is Defendant-Counterclaimant Northwestern Memorial Hospital ("NMH") and Intervenor Robert Doody's ("Doody") Motion for Entry of Default and Default Judgment against Plaintiff David Castellanos ("Plaintiff") pursuant to Federal Rule of Civil Procedure 55. For the following reasons, the motion for entry of default is granted.

An entry of default is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). An entry of default judgment, however, must wait "if an evidentiary hearing or other proceedings are necessary in order to determine what the judgment should provide, such as the amount of damages that the defaulting [party] must pay." Lowe v. McGraw-Hill Cos., Inc., 361 F.3d 335, 339-40 (7th Cir. 2004); see Fed. R. Civ. P. 55(b)(2). "[T]he district court is justified in entering default against a party and refusing to vacate if the defaulting party has exhibited a willful refusal to litigate the case properly." Davis v. Hutchins, 321 F.3d 641, 646 (7th Cir. 2003). "[T]his willfulness is shown in a party's continuing disregard for the litigation or for the procedures of the court." Id.

On January 30, 2012, NMH filed two counterclaims against Plaintiff; one count that alleges defamation per se and a second count that alleges a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. NMH stated, and Plaintiff does not contest, that "[p]ursuant to Fed. R. Civ. P. 12(a)(1)(B), Plaintiff's answer to NMH's Counterclaim was due on February 24." NMH & Doody's Mot. for Default 1. In addition to NMH's counterclaims, Doody filed an intervenor complaint on February 3, 2012, alleging defamation per se and invasion of privacy and false light. According to NMH and Doody, which Plaintiff again does not contest, Plaintiff's answer to the intervenor complaint was due on February 27, 2012. Id. at 2.

On May 8, 2012, NMH and Doody filed the instant motion for default as Plaintiff failed to answer the counterclaims and intervenor complaint which were due over two months prior. To date, Plaintiff has not filed an answer to NMH's counterclaims. Plaintiff attempted to file an answer to Doody's complaint, but the answer is currently the subject of Plaintiff's own motion to "withdraw his answer and leave to re-file without prejudice," as well as a motion to strike the answer, filed by Doody. The answer in question was filed on

## STATEMENT

June 1, 2012, without leave of court and almost three months late.

At a hearing on June 29, 2012, current counsel for Plaintiff, Monica Pirri ("Pirri") told the Court that she was granted leave to file an answer at a previous hearing on May 11, 2012. NMH and Doody's counsel stated that the Court never granted Plaintiff leave to file an answer, but rather set a briefing schedule for the instant motion for default. To resolve the matter, the Court ordered Pirri to produce the transcripts from the May 11th hearing. Minute Order, June 29, 2012. The transcripts confirm that the Court never granted Plaintiff leave to file an answer, only a response to NMH and Doody's motion for default which was due on June 1, 2012—a deadline that counsel for Plaintiff once again missed as she did not file a response until July 13, 2012. See generally NMH & Doody's Reply to Mot. for Default, Ex. B. Despite Pirri's mistaken belief that she had leave to file the long overdue answers, she never filed an answer to NMH's counterclaims, only Doody's intervenor complaint.

In response to the motion for default, Pirri alleges that Plaintiff had "good cause" for not filing his answers on time. Specifically, she describes the alleged hardship faced by Plaintiff as "he was forced to find and retain new counsel on various occasions" and "[e]ach time . . . counsel would inevitably withdraw." Pl.'s Resp. to Mot. for Default ¶ 13. Before Plaintiff retained his present counsel, two separate attorneys were retained and ultimately withdrew, in addition to Plaintiff who appeared pro se for a period of time. Pirri alleges that past counsel never represented Plaintiff long enough to file an answer and further argues that Plaintiff was unable to file answers himself due to "severe physical and emotional distress." Id. ¶ 12. Finally, she argues that once she was retained, she took "quick action" and filed an answer to the intervenor complaint and produced discovery "in good faith." Id. ¶¶ 15-17. Pirri, however, provides no explanation for why she did not answer NMH's counterclaims. Furthermore, she claims that she "[was] not fully aware of the circumstances surrounding the motion for default judgment." Id. ¶ 17.

Throughout the pendency of this case, Plaintiff and his various counsel not only failed to answer the counterclaims and intervenor complaint, but they also failed to produce requested discovery. As a result, the Court previously granted two separate motions to compel Plaintiff to produce the outstanding discovery. See Minute Order, Feb. 29, 2012; Minute Order, June 29, 2012. To date, neither Plaintiff nor his counsel has provided the discovery as requested by NMH and Doody, and as ordered by the Court.

It is true that "a default judgment should be used only in extreme situations . . . appropriate only when a party willfully disregards pending litigation." Sun v. Bd. of Trs. of the Univ. of Ill., 473 F.3d 799, 811 (7th Cir. 2007) (internal citations omitted). The conduct of Plaintiff and his various counsel in failing to timely answer the counterclaims and intervenor complaint, to timely respond to motions as set forth by Court imposed briefing schedules, and to produce outstanding discovery as ordered by the Court, has been nothing short of willful. Pirri argues that "[Plaintiff] should not be prejudiced by the conduct of his attorneys." Pl.'s Resp. to Mot. for Default ¶ 15. It has long been held, however, that "clients must be held accountable for the acts and omissions of their attorneys." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396 (1993); see also Easley v. Kirmsee, 382 F.3d 693, 698 (7th Cir. 2004) ("[A]ttorney in-attentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant."). Accordingly, NMH and Doody's motion for entry of default is granted. A prove-up on damages for NMH and Doody will be scheduled in a separate minute order. As a practical matter, Doody's motion to strike Plaintiff's answer and Plaintiff's motion to withdraw his answer and re-file without prejudice are both denied as moot.

IT IS SO ORDERED.