# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8547 | **DATE** | 7/31/2012 |
| **CASE TITLE** | David Castellanos vs. Northwestern Memorial Healthcare, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff David Castellanos's complaint [1] is dismissed with prejudice.

*Charles Norgle*

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Before the Court is Defendant Northwestern Memorial Hospital's ("NMH") motion to dismiss Plaintiff David Castellanos's ("Plaintiff") complaint as a sanction pursuant to Federal Rule of Civil Procedure 37(b). For the following reasons, the motion to dismiss is granted.
    Among the sanctions available for failure to comply with a court's discovery order is "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "When ordering the sanctions of default judgment or dismissal of the case under Rule 37(b), the court must find that the party against whom these sanctions are imposed displayed willfulness, bad faith or fault." In re Thomas Consol. Indus., Inc., 456 F.3d 719, 724 (7th Cir. 2006). "[B]latant disregard of the . . . court's order [is] more than sufficient to demonstrate the bad faith finding that justifie[s] dismissal." Id. at 726.
    This motion is not the first time that Plaintiff or his counsel have failed to act diligently or otherwise. Plaintiff has never filed an answer to NMH's counterclaims—an answer that was due on February 24, 2012. Plaintiff attempted to file an answer to the intervenor complaint, but did so over two months late and without leave of Court. As a result, Plaintiff is currently seeking to withdraw that answer, and the intervenor has made a motion to strike it. In addition to those deficiencies, Plaintiff failed to answer discovery in violation of an earlier Court order, following NMH's first motion to compel. Before retaining present counsel, Plaintiff was represented by two other counsel, both of whom withdrew. Plaintiff also appeared pro se for a period of time. Neither Plaintiff, nor his various counsel—present counsel included—has produced the outstanding discovery as ordered by the Court on June 29, 2012.
    NMH filed a motion to compel outstanding discovery requests on May 5, 2012. The outstanding discovery included, *inter alia*, inappropriate objections based on relevance, failure to produce various electronic devices or sufficiently account for the absence thereof, and failure to produce a privilege log. See Def.'s Mot. to Compel 4-12. The Court allowed Plaintiff time to respond to the motion, which he did on June 1, 2012. Despite the specific deficiencies pointed out by NMH, counsel for Plaintiff asserted that "Mr. Castellanos has provided herein, all the necessary documents that have been requested of him to the best of

| STATEMENT |
|---|

his knowledge and ability." Pl.'s Resp. to Mot. to Compel 1. NMH thereafter filed a timely reply. In its prayer for relief, NMH further requested that the Court order attorneys fees and other such relief, "including dismissal of Castellanos' Complaint with prejudice" should Plaintiff fail to make the required productions. Reply Supporting Def.'s Mot. to Compel 8.

On June 29, 2012, the Court granted NMH's motion to compel. The Court ordered production of the outstanding discovery described in NMH's motion by July 27, 2012. Id. In addition, the Court took under advisement and reserved ruling on the further relief requested by NMH, including dismissal of Plaintiff's complaint. Id. The Court now returns to that request.

At a July 30, 2012 hearing, NMH informed the Court that Plaintiff failed to comply with the Court's June 29, 2012 Order. Specifically, NMH represented that Plaintiff continues to object to interrogatories and requests for production for reasons other than attorney-client privilege, that Plaintiff's answers are not verified or sworn to, and that Plaintiff's privilege log is grossly incomplete. In response, counsel for Plaintiff merely informed the Court that her office told her that the answers and responses had been completed and sent to NMH, but said nothing with regard to the continued deficiencies in the production as claimed by NMH. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Plaintiff's continued refusal to adequately answer and respond to NMH's discovery requests is in direct violation of the Court's Order. Indeed, counsel's blanket assertions that all outstanding discovery has been tendered is a deception on the Court. Accordingly, Plaintiff's complaint is dismissed with prejudice for failure to produce the outstanding discovery as ordered.

IT IS SO ORDERED.

FILED 2012 JUL 31 AM 5:34 CLERK U.S. DISTRICT COURT